Alfred Clayton, Jr.
ABA No. 9111079
CLAYTON & DIEMER, LLC
500 L Street, Suite 200
Anchorage, AK 99501
Telephone: (907) 276-2999
Facsimile: (907) 276-2956
E-mail: Al.Clayton@cdlaw.pro

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TRUSTEES OF THE ALASKA TEAMSTER-EMPLOYER PENSION TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>MQC ENTERPRISES, INC.<br><br>Defendant. | Case No. _____<br>COMPLAINT FOR WITHDRAWAL LIABILITY AND EQUITABLE RELIEF |

### JURISDICTION, VENUE, AND PARTIES

1. Plaintiffs, the Trustees of the Alaska Teamster-Employer Pension Trust (hereinafter the "Trust"), are the trustees of a trust created pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* and Section 302 of the National Labor Relations Act, 29. U.S.C. § 186. The Trustees are fiduciaries within the meaning of that term in ERISA.

2. The Trust is a multiemployer employee pension benefit plan as that term is defined in ERISA, 29 U.S.C. §§ 1002(37). The Trust is established and maintained under a plan document

{00047442; 1 }

and an Agreement and Declaration of Trust, and pursuant to collective bargaining agreements between participating employers and Teamsters Local Union 959 ("Union"). The Trust is administered through the offices of the Alaska Teamster-Employer Service Corporation in Anchorage, Alaska.

3. Defendant MQC Enterprises, Inc. ("MQC"), is a corporation existing under the laws of the state of Alaska.

4. This is an action to collect federally-mandated withdrawal liability due to an employee pension benefit plan under the terms of the Trust and ERISA. Accordingly, this Court has jurisdiction in this action under 29 U.S.C. §§ 1132, 1145 and 1451(c).

5. Venue is proper in this district pursuant to 29 U.S.C. § 1451(d) because the Defendant conducts and/or has conducted business in this district.

## FACTS

6. The allegations of paragraphs 1 through 5 hereof are incorporated herein as if fully set forth.

7. Over a period of years, MQC was a party to multiple collective bargaining agreements with the Union, Teamsters Local Union 959. Its most recent collective bargaining agreement with the Union was originally effective from December 1, 2010 through November 30, 2013, and was then successively extended by mutual agreement to May 31, 2014, and then to July 31, 2014.

8. Under the terms of its collective bargaining agreements with the Union, MQC agreed to make contributions to the Trust for each hour worked by its employees covered under the agreements.

9. "If an employer withdraws from a multiemployer plan in a complete withdrawal or partial withdrawal, then the employer is liable to the plan in the amount determined . . . to be

Trustees of the Alaska-Teamster v MQC Enterprises
*Complaint for Withdrawal Liability and Equitable Relief*
{00184089;1}   Page 2 of 6

Case 3:18-cv-00074-TMB   Document 1   Filed 03/15/18   Page 2 of 6

withdrawal liability." 29 U.S.C. § 1381(a). A withdrawal generally occurs and withdrawal liability is generally mandated when an "employer . . . permanently ceases to have an obligation to contribute to a plan, or . . . permanently ceases all operations covered by the plan." 29 U.S.C. § 1383(a).

10. On July 31, 2014, MQC had ceased work requiring contributions to the Trust, and its last collective bargaining agreement with the Union terminated. Since that date, MQC has not had an obligation to continue making contributions to the Trust, and has not resumed any operations covered by the Trust. Thus as of July 31, 2014, MQC had both permanently ceased all operations covered by the Trust and ceased to have an obligation to contribute to the Trust.

11. On May 6, 2015, the Trust sent a letter by certified mail to MQC notifying it that it was liable for withdrawal liability due to its complete withdrawal from the Trust. The letter indicated that the total amount of withdrawal liability was $867,524, payable in a lump sum or in 189 monthly installments of $7,098 plus a final monthly installment payment of $5,770. It stated that the first monthly installment payment (or the full lump sum payment) was due on or before July 5, 2015, 60 days from the date of the letter, and that subsequent monthly installment payments would be due the 5th of each succeeding month until all monthly payments had been made.

12. The Trust's May 6, 2015 withdrawal liability assessment letter notified MQC of its right to request review of the withdrawal liability assessment, and of its right to initiate arbitration in the event that the company continued after the review process to disagree with the assessment. The letter further stated that MQC's right to dispute any determination made by the Trust concerning its withdrawal liability would be lost unless it filed a timely request for review of the assessment and then initiated arbitration within (a) 60 days after the date the Trust notified it of its decision on the

Trustees of the Alaska-Teamster v MQC Enterprises
*Complaint for Withdrawal Liability and Equitable Relief*
{00184089; 1 }   Page 3 of 6

Case 3:18-cv-00074-TMB   Document 1   Filed 03/15/18   Page 3 of 6

matters raised in a timely request for review, or (b) if earlier, within 180 days of the date of the request for review submitted to the Trust.

13. On May 27, 2015, in response to the Trust's withdrawal liability assessment letter of May 6, 2015, MQC (by and through its counsel) wrote to the Trust contesting the assessment of withdrawal liability.

14. On August 18, 2015, the Trust sent a letter by certified mail to MQC notifying MQC that it had not received the initial withdrawal liability payment owed to the Trust, which was required on or before July 5, 2015, and that the entire amount of the withdrawal liability would be declared in default and accelerated unless MQC made the overdue payment (with interest at the statutorily-prescribed rate) within 60 days of receipt of that letter.

15. On September 24, 2015, the Trust, by and through counsel, sent a letter responding to MQC's stated objections to the withdrawal liability assessment.

16. In response to the Trust's September 24, 2015 letter, MQC did not timely initiate arbitration of any dispute with the Trust's determination of withdrawal liability pursuant to 29 U.S.C. § 1401(a)(1). Therefore, MQC has waived any defense or objection to the Trust's determination of withdrawal liability.

17. The Trust did not receive any payment from MQC in response to its August 18, 2015 letter notifying MQC that if MQC did not make its overdue withdrawal payment with statutory interest within 60 days of receipt of that letter, the entire amount of the withdrawal liability would be declared in default and accelerated for immediate payment. It therefore notified MQC on January 8, 2016, by letter to its counsel, that it is in default under 29 U.S.C. § 1399(c)(5) and PBGC Regulation § 4219.31. As a result, the total outstanding withdrawal liability of $867,524, plus accrued interest on that entire amount from July 5, 2015 forward, is due and owing.

Trustees of the Alaska-Teamster v MQC Enterprises
*Complaint for Withdrawal Liability and Equitable Relief*
{00184089; 1 }                                                   Page 4 of 6

Case 3:18-cv-00074-TMB   Document 1   Filed 03/15/18   Page 4 of 6

## FIRST CLAIM FOR RELIEF

### (Demand for Unpaid Outstanding Withdrawal Liability Owed to the Trust)

18. The allegations of paragraphs 1-17 hereof are incorporated herein as if fully set forth.

19. Defendant has failed or refused to make the initial withdrawal liability payment to the Trust when due or within 60 days of receipt of the August 18, 2015 delinquency notice. Accordingly, the employer is in default as defined in 29 U.S.C. § 1399(c)(5). The Trust was, therefore, authorized to demand and demanded immediate payment of the full amount of withdrawal liability, plus accrued interest.

20. Defendant has not made any payment to the Trust in response to that demand. Accordingly, pursuant to 29 U.S.C. §§ 1399(c)(5) and 1451(b), the Trust now seeks a judgment for the lump sum payment amount of $867,524 plus accrued interest from July 5, 2015, at the rate set forth in accordance with PBGC regulations. *See* 29 C.F.R. §§ 4219.32 and 4219.33.

21. Under 29 U.S.C. § 1451(b), any failure of an employer to make any withdrawal liability payment within the time prescribed by law shall be treated in the same manner as a delinquent contribution under 29 U.S.C. § 1145, and may be collected in a federal court action. 29 U.S.C. § 1132 in turn provides for civil enforcement of ERISA's provisions, including 29 U.S.C. § 1145. Specifically, 29 U.S.C. § 1132(g)(2) provides that, in any action to enforce 29 U.S.C. § 1145 in which a judgment in favor of a plan is awarded, the court shall award the plan the unpaid contributions, interest on same, an amount equal to the greater of the interest on the unpaid contributions or liquidated damages provided for under the plan in an amount not in excess of 20 percent of the unpaid contributions, reasonable attorneys' fees and costs of the action, and such other legal and equitable relief as the court deems appropriate. Pursuant to these provisions, the Trust is entitled, at a minimum, to recovery of its reasonable attorney's fees and costs of this action.

Trustees of the Alaska-Teamster v MQC Enterprises
*Complaint for Withdrawal Liability and Equitable Relief*
{00184089; 1 }                                                                 Page 5 of 6

Case 3:18-cv-00074-TMB   Document 1   Filed 03/15/18   Page 5 of 6

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request the following relief:

A. Judgment for the Trustees of the Alaska Teamster-Employer Pension Trust in the following amounts:

   i. In the principal amount of $876,524.00, representing the lump sum withdrawal liability amount owed to the Trust;

   ii. For interest on the principal amount of $876,524 in accordance with 29 C.F.R. §§ 4219.32 and 4219.33;

   iv. For post-judgment interest pursuant to 28 U.S.C. § 1961;

   v. For costs and reasonable attorneys' fees pursuant to 29 U.S.C. § 1132(g)(2)(D); and

   vi. For such further legal and equitable relief as the Court may deem appropriate.

DATED at Anchorage, Alaska this 13th day of March, 2018.

CLAYTON & DIEMER, LLC

By: /s/ Alfred Clayton, Jr.
Alfred Clayton, Jr.
ABA No. 9111079

Attorneys for Plaintiff

Trustees of the Alaska-Teamster v MQC Enterprises
*Complaint for Withdrawal Liability and Equitable Relief*
{00184089; 1 }                                                                 Page 6 of 6

Case 3:18-cv-00074-TMB   Document 1   Filed 03/15/18   Page 6 of 6